IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOCAL 786 I.B. of T. SEVERANCE FUND, and LOCAL 786 BUILDING MATERIAL WELFARE FUND, and Trustees MICHAEL YAUGER and WILLIAM GUTH, <br><br> Plaintiffs, <br><br> v. <br><br> VERONICA CONTRACTING, INC., as Illinois corporation, <br><br> Defendant. | No. 08 C 1560 <br><br> Judge Castillo <br> Magistrate Judge Schenker |

**Defendant's Answer To Plaintiffs' Complaint**

Now Comes the Defendant, Veronica Contracting, Inc., by and through its attorneys, Schuyler Roche, P.C., Chicago, Illinois, and, in Answer to the Allegations of the Complaint, states as follows:

1. (a) Jurisdiction of this case is based upon upon §301 of the *National Labor Relations Act,* 29 U.S.C. §185(a), *as amended.*

   **Answer:** The Defendant admits the allegations of paragraph 1(a) of the Complaint.

   b) Jurisdiction of this case is based upon §502 of the *Employee Retirement Security Act of 1974,* 29 U.S.C. §§ 1132, 1145 ("ERISA"), *as amended.*

519392-1

> **Answer:** The Defendant denies the allegations of paragraph 1(b) of the sComplaint.

2. Venue is founded pursuant to 29 U.S.C. § 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

> **Answer:** The Defendant denies the allegations of paragraph 2 of the Complaint because it has no knowledge thereof.

3. (a) The Plaintiffs in this case are the LOCAL 786 I.B. of T. SEVERANCE FUND, and LOCAL 786 BUILDING MATERIAL WELFARE FUND ("Funds"), and Trustees and Fiduciaries, MICHAEL YAUGER and WILLIAM GUTH ("Trustees"), and have standing to bring this suit pursuant to 29 U.S.C. §§1132(d)(1), to sue pursuant to 29 U.S. C. §1132(d)(1).

> **Answer:** The Defendant denies the allegations of paragraph 3(a) of the Complaint because it has no knowledge thereof.

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Teamsters Local Union 786 (the "Union") and Defendant.

> **Answer:** The Defendant denies the allegations of paragraph 3(b) of the Complaint because it has no knowledge thereof.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the *National Labor Relations Act, as amended,* and other applicable state and federal laws, and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

> **Answer:** The Defendant denies the allegations of paragraph 3(c) of the Complaint because it has no knowledge thereof.

2

4.  (a)  VERONICA CONTRACTING, INC. is an Illinois corporation with its principal place of business located within this Court's jurisdiction.

>   **Answer:**  The Defendant admits the allegations of paragraph 4(a) of the Complaint.

(b)  VERONICA CONTRACTING, INC. is an employer engaged in an industry affecting commerce.

>   **Answer:**  The Defendant admits the allegations of paragraph 4(b) of the Complaint.

5.  VERONICA CONTRACTING, INC. has entered into a collective bargaining agreement with the Local 786 I.B. of T. pursuant to which it is required to make periodic contributions to the Funds on behalf of certain of its employees for retirement and health insurance.

>   **Answer:**  The Defendant admits the allegations of paragraph 5 of the Complaint.

6.  By virtue of certain provisions contained in the collective bargaining agreements, VERONICA CONTRACTING, INC. is bound by the Trust Agreements establishing the Funds.

>   **Answer:**  The Defendant denies the allegations of paragraph 6 of the Complaint.

7.  Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, VERONICA CONTRACTING, INC. is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their assigns.

> **Answer:** The Defendant admits the allegations of paragraph 7 of the Complaint.

8. VERONICA CONTRACTING, INC. has failed to timely remit certain contributions to the Funds and is delinquent in an amount in excess of $50,000.

> **Answer:** The Defendant denies the allegations of paragraph 8 of the Complaint.

9. Further pursuant to its collective bargaining agreement, VERONICA CONTRACTING, INC. has been requested to supply records of employees for audit and has refused to do so.

> **Answer:** The Defendant admits that under the collective bargaining agreement it agreed to make available "payroll records and other employment records" and denies the remaining allegations of paragraph 9 of the Complaint.

**Answer to Prayer for Relief:** Defendant denies that the Plaintiffs are entitled to the relief sought and further denies that the Plaintiffs are entitled to injunctive relief or to costs, including reasonable attorneys' fees and costs incurred in prosecution of this action, or that they are entitled to liquidated damages in any amount.

**Wherefore,** the Defendant prays that this Court grants judgment in its favor and further prays that this Court deny Plaintiffs' prayer that they be awarded costs, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20% or in any amount.

## Affirmative Defenses

**First Affirmative Defense:** For its first affirmative defense Defendant asserts that Plaintiffs are not entitled to injunctive relief sought because the Plaintiff has engaged

in conduct and practices with respect to the Defendant's business that constitute unclean hands.

**Second Affirmative Defense:** For its second affirmative defense Defendant asserts that Plaintiffs are not entitled to injunctive relief sought because the Plaintiff has an adequate remedy at law.

**Third Affirmative Defense:** For its third affirmative defense Defendant asserts that the Plaintiffs are not entitled to liquidated damages in any amount because such liquidated damages would constitute a penalty.

                                                Respectfully Submitted,

                                            By:  s/ Daniel V. Kinsella
                                                       One of Its Attorneys for
                                                       Veronica Contracting, Inc.

Daniel V. Kinsella (ARDC #1468472)
Brian S. Hormozi (ARDC #6288254)
Schuyler Roche, P.C.
130 E. Randolph Street
Suite 3800
Chicago, IL  60601
(312) 565-2400

## CERTIFICATE OF SERVICE

I hereby certified that on April 17, 2008, I electronically filed the Defendant's Answer to Plaintiffs' Complaint, with the Clerk of the Northern District Court of Illinois using the CM/ECF System which will send notifications of such filing to the following:

>Anthony Pinelli, Esq.
>Attorney at Law
>53 West Jackson Boulevard
>Chicago, IL 60604

>s/ Daniel V. Kinsella
>(ARDC #1468472)