IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOCAL 786 I. B. of T. SEVERANCE FUND, and LOCAL 786 BUILDING MATERIAL WELFARE FUND, and Trustees MICHAEL YAUGER and WILLIAM GUTH,<br>　　　　　　　Plaintiffs,<br>　v.<br><br>VERONICA CONTRACTING, INC., an Illinois corporation,<br>　　　　　　　Defendant. | No.　08 C 1560<br><br>Judge Castillo<br>Magistrate Judge Schenker |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

### STATEMENT OF FACTS

Local 786 I. B. of T. ("Union") and Veronica Contracting, Inc. ("Veronica") are parties to a collective bargaining agreement covering the period June 1, 2005 through May 31, 2010. (Plaintiff Ex. 1). The contract requires Veronica to contribute to the Local 786 Building Material Welfare Fund and Local 786 Severance Fund, Plaintiffs to this case. Contributions were required for each week during which a covered employee worked on at least two days. (Plaintiff Ex. 1 pgs. 18-19).

The employer reported the weeks worked and total contributions on remittance forms sent to the Fund with contributions each month. In 2006, Veronica ceased providing remittance forms paying contributions. Under the terms of the contract, an audit was requested which was completed in early April of 2008. The audit for the period 2005 - 2007 identified delinquent contributions owed in the amount of $46,291.00 to the Health and Welfare Fund as well as $27,838.00 to the Severance Fund. The audit was

given to Veronica's attorney on April 10, 2008, and the company has not provided any response indicating that the calculations are incorrect. (Administrator's Affidavit, Plaintiff Ex. 4).

The collective bargaining agreement also contains a provisions for imposition of delinquency charges on late contributions at a rate of 1.5% per month. The Fund audit policy requires payment of audit fees and reasonable attorney's fees and court costs incurred by the Fund. (Plaintiff Ex. 1 pg. 19 Article 16.8; Plaintiff Ex. 4). The total amount of contributions, delinquency charges, audit costs, as well as attorney's fees and costs as of June 15, 2008, is $103,192.84.

Defendant has filed an answer to Plaintiffs' complaint and denied liability. However, Defendant initiated an exchange of Requests to Admit Facts pursuant to Federal Rule of Civil Procedure 36 by serving requests on Plaintiffs. Plaintiffs responded as required by the Rule with a response and documents.

On April 16, 2008, Plaintiffs served Requests to Admit Facts on Defendant, and as of June 19, 2008, those requests have not been denied and are admitted. Included in the Requests to Admit Facts were the following:

> 10. Defendant has received the partial audit by Legacy Professionals LLP for the period June 1, 2005 through December 31, 2007 dated April 2, 2008 which reflects the following amounts of contributions owed to Plaintiff Funds:
> Severance Fund:        $27,838.00
> Health and Welfare Fund:   $46,291.00
>
> 11. The contribution amounts reflected by the Legacy Professionals LLP audits of Defendant completed April 2, 2008 are owed by Defendant as described in Request to Admit No. 10 above.

Thus, Defendant has admitted that the audit assessments are correct, and the contributions in the amount of $74,129.00, as noted in the uncontested audit, are owed to Plaintiffs.

**ARGUMENT**

This is a claim for an amount of contributions which Defendant has admitted are owed. Thus, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252-255 016 S.Ct. 2505 (1986); *Bell v. Dupperrault*, 367 F.3d 703, 707 (7th Cir. 2004).

The Seventh Circuit case law provides that when an audit report is presented by a multi-employer fund, and the employer provides no factual basis to dispute the results of the audit, summary judgment against the employer is appropriate. *Laborers Pension Fund v. R.E.S. Environmental Services, Inc.* 377 F.3d 735, 737 (7th Cir. 2004).

As the court stated in *Carpenters Pension Fund v. Reinke Insulation Co.*, 347 F.3d 262 (7th Cir. 2003):

> "[O]nce a pension or welfare fund shows that an employer's records are deficient and produces an apparently sound accounting that money is owed, the employer could be obligated to explain why its payments to the funds are nonetheless proper. If the explanation appears to be sufficient, then the fund must demonstrate at trial its entitlement to additional payment. Otherwise, in the absence of an explanation by the employer, the fund would prevail on summary judgment."

347 F.3d at 264-65

In this case the Defendant has not disputed or contradicted the audit results and has admitted to their accuracy. (Plaintiff Ex. 5). The contributions owed are claimed for certain months in which Defendant remitted no contributions and others in which underpayments were made and additional amounts were owed. Thus, there are no issues for the court to resolve at trial. Delinquency charges are requested based on the contract language. An award of fees and costs should be allowed under 29 U.S.C. § 1132(g)(2). No issues remain for the court to resolve regarding the amounts claimed as the employer disputes no portion of the audit.

In its order of March 18, 2008, this court provided as follows:

> Docket Text:
> MINUTE entry before Judge Honorable Ruben Castillo: After a careful review of this recently filed complaint, the Court orders that defendant Veronica Contracting, Inc. submit to an audit by Plaintiffs for the time period January 1, 2006 to the present to determine its full liability in this case. Plaintiffs should immediately proceed with service of the complaint and this order and fully exhaust all settlement possibilities for this case. Defendant will be given a full opportunity to contest liability or damages after the audit is completed. Defendant should timely answer or otherwise plead to the complaint. This case is hereby administratively dismissed without prejudice. The Court will retain jurisdiction to enforce this order and enter any appropriate final judgment. Mailed notice (rao,)

The audit has been completed; Defendant has chosen to admit rather than contest the facts regarding the amount claimed. Plaintiffs respectfully submit that this court should enter summary judgment in the amount of $103,192.84.

Respectfully submitted,

s/Anthony Pinelli
**ANTHONY PINELLI**

**ANTHONY PINELLI**
Law Offices of Anthony Pinelli
53 West Jackson Blvd., Suite 1460
Chicago, Illinois 60604
312/583-9270

**CERTIFICATE OF SERVICE**

Anthony Pinelli hereby certifies that he served the foregoing Plaintiffs' Memorandum in Support of Motion for Summary Judgment on

>Daniel V. Kinsella
>Schuyler, Roche & Zwirner
>One Prudential Plaza, Suite 3800
>130 East Randolph Street
>Chicago, Illinois 60601

via U.S. First Class Mail on June 19, 2008 at 53 West Jackson Blvd., Chicago, Illinois 60604.

>s/Anthony Pinelli
>**ANTHONY PINELLI**